IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

THOMAS BATTLE (#2014-0815286), )
)
    Plaintiff, )
)
    v. ) Case No: 15 C 0552
)
) Judge Charles R. Norgle, Sr.
TOM DART, et al., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Thomas Battle ("Battle") filed a complaint under the Civil Rights Act Section 1983 against defendants, Assistant State Attorney Jeanne Kolasa ("ASA Kolasa"), Judge Shaina Boliker, and Sheriff Tom Dart[1], alleging that the defendants violated his Fourth Amendment rights by not providing him a probable cause hearing with in forty-eight hours of his arrest. Counsel for ASA Kolasa filed a motion to dismiss Battle's complaint for failure to state a claim for which relief can be granted, arguing that Battle received a probable cause determination on the same day he was taken into custody. For the reasons stated below ASA Kolasa's motion to dismiss is granted.

## BACKGROUND

The following are factual allegations taken from the complaint and are accepted as true for the purposes of ruling on the instant motion. Battle was arrested on August 14, 2014, and held in Cook County Jail. Dkt. 1, 4. Battle states that he did not receive a "preliminary hearing" until September 4, 2014, at which time he went before Judge Shauna Boliker and ASA Kolasa. Id. Additionally, Battle states that he has suffered impairment of the relationships with his

---

[1] During the court's initial review pursuant to 28 U.S.C. § 1915A, defendant Sheriff Thomas J. Dart was dismissed in regards to Plaintiff's individual claims, but remains in the case as a nominal defendant in an effort to assist in identifying the parties responsible for violating Plaintiff's right to a prompt probable cause hearing.

1

family, his college education has been interrupted, and his income source impaired. *Id.* Battle believes that his Fourth Amendment rights were violated because after he was arrested he was held for more than forty-eight hours without a probable cause or bond hearing. *Id.*

Battle filed his complaint with the court on March 2, 2015, alleging that his Fourth Amendment rights were violated by not receiving "determination of probable cause before significant pretrial restraint." Dkt. 1, 4. Currently before this court is ASA Kolasa's motion to dismiss Battle's complaint for a failure to state a claim.

## LEGAL STANDARD

In order to withstand a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint must contain sufficient factual material that, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard is met when the facts pled allows the court to draw a reasonable inference that the defendant may be liable for the misconduct alleged. *Id.* This plausibility standard does not require detailed factual allegations, but the "plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

When considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations, and will determine whether they plausibly give rise to an entitlement for relief. *Ashcroft*, 556 U.S. at 679. We must however construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

## DISCUSSION

On only the facts pled in Battle's complaint it would appear that Battle did not receive a prompt probable cause hearing as required by *Gerstein v Pugh.* 420 U.S. 103 (1976). Probable cause is a required standard of any arrest. *Gerstein*, 420 U.S. at 111. Probable cause is determined by "facts and circumstances 'sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense.'" *Id.* (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). A State "must provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest." *Id* at 124. The Supreme Court defined "promptly" in *County of Countryside v. McLaughlin.* 500 U.S. 44 (1991). The Court held, when a judicial determination of probable cause is made within forty-eight hours of arrest, that will satisfy the prompt requirement of *Gerstein. Id.* at 56.

Battle's argument that he did not receive a probable cause hearing within the forty-eight-hour timeline is incorrect. According to a Certified Statement of Conviction/Disposition attached to ASA Kolasa's motion to dismiss as Exhibit A, Battle went before Judge Laura M. Sullivan on August 15, 2014. Dkt. 13-1, 2. Typically a court may not consider exhibits presented with a motion to dismiss, without converting the motion to dismiss into a motion for summary judgment. *Williams v. City of Chicago*, 803 F. Supp. 2d 861, 864 (N.D. Ill. 2011) (Dow, J.) (citing *R.J.R. Servs., Inc. v. Aetna Cas. and Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1988). However, when the exhibit presented is considered a matter of public record, "a court may take judicial notice of them for purposes of deciding the motion to dismiss without converting the 12(b)(6) motion into a motion for summary judgment." *Id.* (citing *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). A certified docket sheet is considered a part of

the public record. *Id.* ASA Kolasa attached a certified docket sheet, which is a part of public record, to her motion to dismiss and therefore, the court can take judicial notice of the exhibit.

According to ASA Kolasa's exhibit, Battle was in custody August 15, 2014, and on that same day Battle went before Judge Laura M. Sullivan for a determination of probable cause to detain. Dkt. 13-1, 2. At that time, Battle's bail was set at $50,000. *Id.* A continuance date was set for September 4, 2014 in response to Battle's demand for a trial. *Id.* Battle was seen by Judge Shauna L. Boliker on September 4, 2014, and a second determination of probable cause was made in response to Battle's demand for a trial. *Id.* Therefore, the September 4, 2014 date Battle referenced in his complaint refers to the the second probable cause hearing that Battle received in response to his demand for trial.

Battle filed a response to ASA Kolasa's motion to dismiss with a short statement asking the court not to dismiss his complaint. Dkt. 27. Battle did not dispute the validity of the Certified Statement of Conviction/Disposition submitted by ASA Kolasa. Therefore, taking judicial notice of the facts presented in the Certified Statement of Conviction/Disposition, it is clear that Battle received probable cause hearing within forty-eight hours of his arrest.

ASA Kolasa also argues in her motion to dismiss that Battle's complaint should also be dismissed based on prosecutorial immunity. It is unclear if immunity would be provided in a case regarding a violation of Fourth Amendment rights for a failure to have a probable cause hearing within forty-eight hours. ASA Kolasa relies on *Imbler v. Pachtman*, which states that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 420 U.S. 409, 430 (1976). However, because the court has determined that there was no due process violation in Plaintiff's underlying State criminal action, the court need not consider this argument.

## CONCLUSION

For the foregoing reasons, ASA Kolasa's motion to dismiss the complaint for failure to state a claim [#13] is granted. This case is closed on the Court's docket.

Dated: 3-9-16

Charles R. Norgle, Sr.
United States District Judge